FILED
United States Court of Appeals
Tenth Circuit

July 15, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DANA F. BURGIN, individually and as
the surviving spouse of Carlton L.
Burgin, deceased; WILLIAM L.
BURGIN,

        Plaintiffs-Appellants,

v.

RAYMOND L. LEACH, in his individual
capacity and in his official capacity as
Deputy of the Pawnee County Sheriff's
Department; MIKE WATERS, in his
individual and official capacity; THE
PAWNEE COUNTY SHERIFF'S
DEPARTMENT; PAWNEE COUNTY
BOARD OF COUNTY
COMMISSIONERS,

        Defendants-Appellees.

No. 12-5210
(D.C. No. 4:12-CV-00277-CVE-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **HOLLOWAY**, and **BACHARACH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Carlton Burgin was killed when Pawnee County Deputy Sheriff Raymond Leach's patrol car crashed into Mr. Burgin's car. Mr. Burgin's wife, Dana Burgin, and father, William Burgin, survived the accident and sued Pawnee County Sheriff Mike Waters, Deputy Leach, and the Pawnee County Board of County Commissioners. The district court dismissed the suit insofar as the Burgins had asserted § 1983 claims, and it remanded to state court a negligence claim against Deputy Leach and a motion for leave to add a negligence claim against the Pawnee County Board of Commissioners. We have jurisdiction under 28 U.S.C. § 1291, and we affirm for substantially the same reasons identified by the district court.

**BACKGROUND**

On July 17, 2011, Mr. Burgin was driving north on Highway 48 in Pawnee County, Oklahoma, with his wife and father. Deputy Leach was driving south on Highway 48 and decided to respond to a non-emergency "domestic incident" that he had heard reported by dispatch roughly forty-five minutes to an hour earlier. Aplt. App. at 14. While en route to the incident, Deputy Leach exceeded the posted speed limits and activated his emergency lights only "when he was immediately behind a vehicle he wished to pass." *Id.*

When Mr. Burgin saw Deputy Leach approaching, Mr. Burgin pulled his vehicle off the road to allow Deputy Leach to pass. While traveling at over 90 miles per hour in a no-passing zone, Deputy "Leach crossed from the southbound lane to the northbound lane to avoid colliding with another vehicle," and in the process, his

- 2 -

patrol car "careened into an uncontrollable slide" and struck Mr. Burgin's vehicle head on. *Id.* at 15. Mr. Burgin was pronounced dead at the scene, and his wife and father were critically injured.

The Burgins sued in state court before the defendants removed to federal court. On the defendants' motions to dismiss, the federal district court determined that the Burgins' § 1983 claim against Deputy Leach, which asserted a substantive due-process violation, failed because although Deputy Leach may have acted negligently, he did not act with "'an extreme risk of very serious harm'" to the Burgins. *Id.* at 106 (quoting *Green v. Post*, 574 F.3d 1294, 1303 (10th Cir. 2009)). Accordingly, the court concluded that Deputy Leach was shielded by qualified immunity because his conduct did not rise to the level of a constitutional violation.[1]

With no constitutional violation by Deputy Leach, the district court further determined that the Burgins' § 1983 claim against Sheriff Waters for inadequately supervising Deputy Leach necessarily failed and he was also entitled to qualified immunity. Likewise, the Burgins' claim for municipal liability failed in the absence of a constitutional violation by any municipal officer. Finally, the district court declined to exercise supplemental jurisdiction over the remaining state-law issues, and it remanded them to state court.

---

[1]    The district court alternatively concluded that even if the Burgins had established a due-process violation, the law was not so clearly established "that a reasonable police officer would have known that it was unlawful to drive in excess of the speed limit and pass in a no passing zone when responding to a non-emergency domestic disturbance call." *Id.* at 108.

## DISCUSSION

## I. Standards of Review

We review de novo the district court's decision to grant a motion to dismiss based on qualified immunity. *See Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011). To survive a motion to dismiss under a qualified immunity framework, the plaintiffs' complaint must allege facts sufficient to show that the defendants plausibly violated their federal rights, and those rights were clearly established at the time. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). In reviewing a motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Brown*, 662 F.3d at 1162 (internal quotation marks omitted).

## II. Due Process

"The due process clause of the Fourteenth Amendment prohibits executive abuse of power which shocks the conscience." *Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 786 (10th Cir. 2013) (ellipsis and internal quotation marks omitted). The standard for determining whether an abuse of power shocks the conscience turns on whether "unforeseen circumstances demand an officer's instant judgment" or whether "actual deliberation is practical." *Green*, 574 F.3d at 1301 (internal quotation marks omitted). When an officer must make an instant judgment in response to unforeseen circumstances, "even precipitate recklessness fails to inch close enough to harmful purpose to" constitute conscience-shocking behavior. *Id.*

- 4 -

(internal quotation marks omitted). In that case, a plaintiff must show an intent to harm. *County of Sacramento v. Lewis*, 523 U.S. 833, 853-54 (1998). But when an officer has time to deliberate, the challenged behavior is assessed under a deliberate-indifference standard, *Green*, 574 F.3d at 1301, which asks whether the officer was "deliberate[ly] indifferen[t] to an extreme risk of very serious harm to the plaintiff," *id.* at 1303.

The district court declined to apply the intent-to-harm standard, and instead applied the less demanding deliberate-indifference standard, reasoning that Deputy "Leach made a delayed response to the domestic disturbance call." Aplt. App. at 105. But even so, the district court concluded that Deputy Leach had exhibited no more than ordinary negligence:

> [P]olice officers routinely drive at speeds in excess of the speed limit when responding to calls, and the fact that [Deputy] Leach lost control of his vehicle when responding to a call does not remove this case from the realm of ordinary negligence. The Court also notes that . . . the accident occurred when [Deputy] Leach lost control of his vehicle while trying to avoid colliding with another vehicle. This suggests that [Deputy] Leach was actively trying to avoid causing harm to others and that the accident resulted from an unintended loss of control over his vehicle. This tends to negate any inference that [Deputy] Leach's actions were so "egregious or outrageous to the extent that it shocks the judicial conscience."

*Id.* at 106 (quoting *Green*, 574 F.3d at 1303).

The Burgins argue that Deputy Leach was not engaged in police business when the accident occurred; rather, they claim he was traveling to the domestic disturbance "out of personal curiosity." Aplt. Opening Br. at 10. But their complaint does not in

any manner allege that he responded out of curiosity. Indeed, the complaint alleges that he was "acting in his capacity as a Deputy Sheriff employed by the [Pawnee County Sheriff's Department]." Aplt. App. at 14.

Next, the Burgins argue that the district court actually applied the more demanding intent-to-harm standard despite stating that the lower standard applied. They rely on the district court's observation "that the accident resulted from an *unintended* loss of control over [Deputy Leach's] vehicle." *Id.* at 106 (emphasis added).

We reject this argument. The observation that Deputy Leach did not intend to lose control of his car relates to the court's statement that he "was actively trying to avoid causing harm to others." *Id.* at 106. And it was that attempt to avoid harm that led the district court to conclude that Deputy Leach's actions were not so egregious or outrageous as to shock the judicial conscience. Nothing in the district court's reasoning indicates it applied the intent-to-harm standard under the guise of the deliberate-indifference standard.

Additionally, our review is de novo. And we conclude from the allegations of the Burgins' complaint that Deputy Leach was not deliberately indifferent to an extreme risk of very serious harm to the Burgins. Although Deputy Leach was traveling at a high rate of speed in response to a non-emergency call and only

intermittently activating his emergency lights,[2] Carlton Burgin was nevertheless able to pull his vehicle off the road and wait for Deputy Leach to pass. It was only after Deputy Leach lost control of his vehicle while trying to avoid colliding with another vehicle that he struck the Burgins' vehicle. While the resulting accident is indisputably tragic, we agree with the district court that the allegations of the Burgins' complaint fail to meet the deliberate-indifference standard. Consequently, Deputy Leach is entitled to qualified immunity.

Without a constitutional violation by Deputy Leach, Sheriff Waters is immune from suit on the Burgins' supervisory-liability theory. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (explaining that supervisory liability requires a constitutional deprivation affirmatively linked to the supervisor's personal participation). The Burgins' municipal-liability claim likewise fails. *See Ellis ex rel. Estate of Ellis v. Ogden City*, 589 F.3d 1099, 1104 (10th Cir. 2009) (observing that municipal "liability will not attach where there was no underlying constitutional violation by any of the municipality's officers" (brackets and internal quotation marks omitted)).

---

[2] That Deputy Leach may have violated Oklahoma law by exceeding the maximum speed limit, *see* Okla. Stat. Ann. § 11-106, "does not by itself constitute a violation of the Federal Constitution," *Pavatt v. Jones*, 627 F.3d 1336, 1341 (10th Cir. 2010) (internal quotation marks omitted).

## CONCLUSION

The judgment of the district court is AFFIRMED for substantially the same reasons identified by the district court in its November 26, 2012, Opinion and Order.

Entered for the Court

Jerome A. Holmes
Circuit Judge